UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARVELLE DEMETRIUS MAYS,<br><br>Defendant. | Criminal No. 07-118 (RBW) (AK) |

**DETENTION MEMORANDUM**

The Defendant, Marvelle Demetrius Mays, also known as John E. Joy, has been charged by indictment with Attempt to Possess With Intent to Distribute 500 Grams or More of Cocaine, in violation of Title 21 U.S.C. § 846. The Government requested a detention hearing, which was held on May 7, 2007. At the conclusion of the detention hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

The Government proceeded by proffer at the hearing. Before his arrest, Defendant was the subject of a year-long investigation by the authorities. He had come to their attention through the cooperation of an individual identified as "CS-1," who had pled guilty in the Eastern District of

Virginia to drug charges involving multiple kilograms ("kilos") of cocaine.

Before he was arrested, CS-1 had access to multiple kilos of cocaine through connections with a Guatemalan drug cartel. During about a six-week period in early 2006, CS-1 supplied approximately one kilogram of cocaine to Defendant per week. After CS-1's arrest, he agreed to make a series of controlled telephone calls to Defendant. During these conversations, the two individuals discussed their prior cocaine transactions, and also the possibility of CS-1 supplying Defendant with additional kilos of cocaine.

Approximately six months ago, CS-1 visited a condominium owned by Defendant in the District of Columbia. While at the condominium, Defendant explained to CS-1 that he used the home to convert powder cocaine into crack cocaine, which he then sold to mid-level suppliers.

On April 19, 2006, several phone calls transpired between the two men during which they planned a sale of cocaine by CS-1 to Defendant. Defendant and CS-1 discussed a sale price of $20,000 for one kilogram, and agreed to transact the sale in a certain parking lot near Howard University.

CS-1 then waited for Defendant at the parking lot. CS-1's car contained hidden recording equipment. Parked next to his vehicle was a surveillance van containing law enforcement officers. Eventually, Defendant arrived at the scene and entered CS-1's vehicle. CS-1 handed Defendant a case containing a kilo of cocaine. After viewing the contents of the case, Defendant said to CS-1, "My man, you came through for me." Defendant then placed the case on the floor of the vehicle between his legs. The two men then proceeded to count the money that Defendant had brought with him, at which point the authorities revealed themselves and placed Defendant under arrest. A total of $16,000 in cash was recovered from Defendant at that time.

Following Defendant's arrest, search warrants were executed on two residences belonging to him. The search of the first residence, a house in Maryland, yielded two firearms. The second residence, the aforementioned condominium, yielded the following items: (1) Mannitol; (2) Quinine; (3) a digital scale; (4) crack cocaine; (5) powder cocaine; and (6) Pyrex cookware. The Government explained that Mannitol and Quinine are cutting agents used in the distribution and sale of cocaine and heroin, respectively. The Government further explained that Pyrex cookware is commonly used for cooking crack cocaine microwave ovens.

## **Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, a grand jury indictment establishes probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)).

In determining whether there are conditions of release which will reasonably assure the safety of the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with attempted possession with intent to distribute a large quantity of cocaine, a serious drug offense carrying a maximum prison term of 10 years or more.

The second factor, the weight of the evidence, also favors detention. The Government has strong physical evidence in support of the charges against Defendant, including the following: (1) recorded telephone conversations between Defendant and CS-1 during which the two individuals discuss past and future drug transactions; (2) an audio recording of the drug transaction in question, which was also observed by law enforcement officers from an adjacent vehicle; and (3) $16,000 in cash recovered from Defendant at the scene of the drug transaction.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. Defendant has a history of drug-related convictions, which includes a narcotics conviction in 1993 and a conviction in 2000 for possession of a controlled substance. Defendant is employed as a technician at Verizon and provides regular support for two of his children. However, his steady job and ties to his family have done little to stop him from contributing to the devastating drug problem affecting so many people in this city.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, favors detention. Although the instant charges did not involve violent activity, cocaine is a dangerous and illegal substance that causes violence in the Washington, DC area. Here, the danger is compounded by Defendant's heavy and high-level involvement in cocaine trafficking, as indicated by (1) the large quantity of drugs he attempted to purchase from CS-1, and (2) the array of drug distribution paraphernalia found at one of his residences.

## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community should Defendant be released before trial. The presumption in favor of detention established by the statute has not been overcome by the Defendants in this case. Therefore, the government's motion for pretrial detention is granted.

Dated: May __10th__, 2007                     /s/_____
                                                                ALAN KAY
                                                                UNITED STATES MAGISTRATE JUDGE